IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JERI WASCO** | * | |
| Plaintiff | * | |
| v. | * | Case No. AW 06-CV-2203 |
| **TASTEE DINER, INC.** | * | |
| Defendant | * | |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Tastee Diner, Inc. ("Defendant"), acting through counsel, James L. Parsons, Jr. and Lynott, Lynott & Parsons, P.A., and pursuant to Fed. R. Civ. P. 8 and 12(b), answers the Complaint filed by Plaintiff Jeri Wasco ("Plaintiff") as follows:

### SPECIFIC RESPONSES TO THE AVERMENTS OF THE COMPLAINT

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of the first two sentences of Paragraph 3 of the Complaint. Defendant denies the remainder of paragraph 3.

4. Defendant admits the first sentence of paragraph 4 of the Complaint, and denies the remainder of that paragraph.

5. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the averments of Paragraph 5 of the Complaint.

6. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 5 as if fully set forth.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Defendant admits that the building located at 7731 Woodmont Avenue, Bethesda, Maryland 20814 is a restaurant that provides goods and services to the public. Defendant denies the remaining allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 regarding whether Plaintiff has ever visited the restaurant, or intends to visit the restaurant in the future, and therefore, denies the same. Defendant denies all remaining allegations contained in paragraph 10.

11. Paragraph 11 of the Complaint does not contain factual averments to which a response is required.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. The first sentence of Paragraph 15 of the Complaint states legal conclusions to which no response is required. Defendant denies the remaining allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of paragraph

17.

Defendant denies that Plaintiff is entitled to any of the relief demanded in paragraphs A through E of Count I of the Complaint.

## **AFFIRMATIVE DEFENSES**

18. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

19. Plaintiff's claims are barred by the doctrine of estoppel.

20. Plaintiff's claims are barred by fraud.

21. Plaintiff's claims are barred by the doctrine of illegality.

22. Plaintiff's claims are barred by the doctrine of laches.

23. Plaintiff's claims are barred by the applicable statute of limitations.

24. The Complaint must be dismissed because Plaintiff lacks standing to maintain this action.

25. The Complaint must be dismissed because Plaintiff has failed to establish that she is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

26. The Complaint must be dismissed because the Plaintiff has not suffered any injury in fact.

27. The Complaint must be dismissed because Plaintiff has not complied with the Americans with Disabilities Act.

28. The Complaint must be dismissed because Defendant has not discriminated against the Plaintiff in any manner.

29. The Complaint must be dismissed because the Plaintiff was never denied access to the benefits, accommodations and services at the restaurant.

30. The Complaint must be dismissed because Defendant does not own the real property located at 7731 Woodmont Avenue, Bethesda, Maryland 20814.

WHEREFORE, Defendant Tastee Diner, Inc., respectfully requests as follows:

1. That the Court dismiss the Complaint with prejudice in its entirety;

2. That the Court award Defendant its costs and attorney's fees incurred in defending this action; and

3. That the Court grant such other and further relief as the case may require.

Respectfully submitted,

LYNOTT, LYNOTT & PARSONS, P.A.


___/S/_____
James L. Parsons, Jr. #07518
11 North Washington Street, Suite 220
Rockville, Maryland 20850-4208
(301) 424-5100
Counsel for Defendant